UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CCA GLOBAL PARTNERS, INC., f/k/a Carpet Coop of America Association, a Delaware Corporation, FA COOPERATIVE, INC., a Delaware Corporation, and FA MANAGEMENT ENTERPRISES, INC., a Georgia Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>YATES CARPET, INC., a/k/a YATES FLOORING CENTER, a/k/a YATES CARPET & INTERIORS, a/k/a DISCOUNT CARPET WAREHOUSE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Cause No. 4:06-cv-00015-JCH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RENEWED MOTION TO TRANSFER VENUE**

COMES NOW Defendant, by and through its attorneys, Sandberg, Phoenix & von Gontard, P.C., for its Renewed Motion to Transfer Venue, states as follows:

1. Plaintiffs filed this action on February 8, 2005, in the United States District Court for the Eastern District of Missouri.

2. On March 10, 2005, defendant filed its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Alternative Motion to Transfer Venue. [Document No. 7].

3. On September 28, 2005, this Court issued its Order whereby this case was transferred to the Northern District of Texas. [Document No. 38].

4. On November 4, 2005, Plaintiffs filed their Motion to Retransfer the Case Back to United States District Court-Eastern District of Missouri. [Document No. 48].

5. On November 21, 2005, Defendant filed a Response to Plaintiffs' motion (hereinafter referred to as Defendant's "Response"), making an alternative argument that the case remain in Texas based upon the convenience of the parties and witnesses. [Document No. 50].

6. Following other procedural Motions, this case was docketed in the Northern District of Texas.

7. On December 22, 2005, Judge Cummings of the Northern District of Texas granted Plaintiffs' Motion to Transfer the case back to the Eastern District of Missouri. [Document No. 58]. In his Order, Judge Cummings found that this Court failed to make a finding as to the convenience factors of 28 U.S.C. § 1404. Likewise, Judge Cummings failed to address the convenience factors. Therefore, neither court has made an analysis of the 1404 convenience factors.

8. By way of this Motion, Defendant requests this Court to make such an analysis and find that the convenience of the parties and witnesses, in the interest of justice, require transfer of this case to the Northern District of Texas pursuant to 28 U.S.C. §1404.

9. Defendant hereby incorporates by reference all previous pleadings and attachments, filed in this Court and the Northern District of Texas, addressing the convenience factors set forth in 28 U.S.C. §1404.

10. This claim could have properly been brought in the Northern District of Texas, Lubbock Division, as Yates is subject to personal jurisdiction in that judicial district. The alleged acts or omissions giving rise to Plaintiffs' cause of action occurred there, if they occurred at all.

11. The overwhelming majority of relevant documents are located in Lubbock, Texas, and such documents are voluminous in nature. (*See* Affidavit of Bobby Yates, attached to Defendant's Response, Document Nos. 50 & 51).

12. Defendant and its employees are located in Texas. (*See* Affidavit of Yates).

13. Key witnesses are located in Texas, outside this Court's subpoena power. (*See* Affidavit of Yates).

14. Finally, the alleged trademark infringement and breach of contract, if they occurred at all, occurred in Texas, and the majority of the evidence is located in Texas. (*See* Affidavit of Yates).

15. Defendant has filed a counterclaim against Plaintiffs, alleging, among other things, several violations of Texas law. Respectfully, the Texas court would be in a better position to apply Texas law than this Court.

16. Other factors that weigh in favor of a transfer include: (1) the public interest in having localized disputes decided at home, (2) the cost and inconvenience to Defendant's business in trying a case in Missouri, and (3) the fact that Plaintiffs' choice of forum is outweighed by the convenience factors, as set forth in this Motion and the accompanying memorandum in support. (*See* Affidavit of Yates).

17. When the Court analyzes the convenience factors in this case, the balance strongly favors a transfer to the Northern District of Texas, Lubbock Division.

18. Defendant incorporates its Memorandum of Law in Support of this Renewed Motion, attached hereto.

WHEREFORE, Defendant respectfully requests this Court transfer this case to the United States District Court for the Northern District of Texas, Lubbock Division, or venue that is proper and convenient to the parties and the witnesses and where the interests of justice are better served.

Respectfully submitted,

SANDBERG, PHOENIX & von GONTARD, P.C.

By:   /s/Stephen P. Niemira
      Stephen P. Niemira, #54613
      Kelly M. Zigaitis, #506948
      Samuel J. Wright, #517888
      One City Centre, 15th Floor
      St. Louis, MO 63101-1880
      314-231-3332
      314-241-7604 (Fax)
      E-mail:   sniemira@spvg.com
              kzigaitis@spvg.com
              swright@spvg.com

Attorneys for Defendant
*Yates Carpet, Inc.*

**Certificate of Service**

I hereby certify that on 2nd day of February, 2006, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Charles S. Kramer
ckramer@riezmanbergr.com

Mr. Michael P. Wolf
wolf@riezmanberger.com
*Attorney for Plaintiffs*

/s/Stephen P. Niemira