UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CCA GLOBAL PARTNERS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:06 CV 15 JCH |
| ) | |
| YATES CARPET, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Renewed Motion to Transfer Venue under 28 U.S.C. § 1404(a), filed February 2, 2006. (Doc. No. 73). Defendant argues that the case should be transferred to the Northern District of Texas. For the reasons stated below, the Court denies the motion.

**BACKGROUND**

Defendant Yates Carpet used to be a member of Plaintiffs CCA Global Partners, Inc., FA Cooperative, Inc., and FA Management Enterprises, Inc.'s flooring cooperative. The arrangement went sour, and Plaintiffs filed their Complaint in this Court on February 8, 2005. (Complaint, Doc. No. 1). They allege federal and state trademark claims, as well as state law claims for breach of contract, fraud, and unjust enrichment. Plaintiffs are located principally in St. Louis, Missouri, while Defendant is located in Lubbock, Texas, within the Northern District of Texas.

Soon after the case was initiated, Defendant filed a Motion to Dismiss for Lack of Personal

1

Jurisdiction and Improper Venue and Alternative Motion to Transfer. (Doc. No. 7). On September 28, 2005, this Court found that it had personal jurisdiction over Defendant, but transferred the case to the Northern District of Texas, based on an Eighth Circuit opinion regarding proper venue for Lanham Act claims. (Doc. No. 38). The Court did not reach the issue of transfer under the convenience factors of 28 U.S.C. § 1404(a). Plaintiffs then filed a Motion to Reconsider, which the Court granted, because of its earlier incorrect application of the Eighth Circuit opinion to this case. (Doc. No. 44). The court files, however, had already been sent to the Northern District of Texas, depriving this Court of jurisdiction to vacate its opinion. In re Nine Mile Ltd., 673 F.2d 242, 243 (8th Cir. 1981). Judge Cummings in the Northern District of Texas correctly transferred the case back to this Court. (Doc. No. 66). Defendant now moves for the Court to transfer the case back to the Northern District of Texas based on the convenience factors of 28 U.S.C. § 1404.

As stated above, Defendant filed its Renewed Motion to Transfer Venue on February 2, 2006. In its motion Defendant argues that the Northern District of Texas is the more convenient forum and that a transfer there would best serve the interests of justice. (Defendant's Renewed Motion, Doc. No. 73, at 4). The matter is fully briefed and ready for disposition.

## DISCUSSION

28 U.S.C. § 1404(a) governs the ability of a federal district court to transfer a case to another district. This provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] Id. There are three prongs to the venue analysis: (1) convenience of the parties, (2)

---

[1] Plaintiffs do not dispute that this action could have been brought in the Northern District of Texas.

2

convenience of the witnesses, and (3) the interest of justice. This Court has articulated a series of factors that a court should consider in evaluating a motion to transfer: "1) the convenience of the parties; 2) the convenience of non-party witnesses; 3) the availability of judicial process to compel testimony from hostile witnesses; 4) the governing law; 5) relative ease of access to sources of proof; 6) possibility of delay and prejudice if a transfer is granted; and 7) practical considerations of cost and efficiency." Anheuser-Busch, Inc. v. City Merch., 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001); see also Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). In weighing these factors, "federal courts give considerable deference to a plaintiff's choice of forum." Terra Int'l, 119 F.3d at 695. Therefore, the party requesting a transfer under § 1404(a) typically "bears the burden of proving that a transfer is warranted." Id.; Anheuser-Busch, 176 F. Supp. 2d at 959 ("[The plaintiff's choice] should only be disturbed upon a clear showing that the balance of interests weighs in favor of the movant's choice of venue."). With this in mind, the Court finds that the balance of factors taken into account under § 1404(a) favors a denial of Defendant's Renewed Motion to Transfer Venue.

**A.    Convenience**

Under the convenience prong of a § 1404(a) analysis, courts consider "(1) the convenience of the parties, (2) the convenience of the witnesses-including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each state's forum law." Biometics, LLC v. New Womyn, Inc., 112 F. Supp. 2d 869, 875 n.4 (E.D. Mo. 2000). Upon analysis of these factors, Defendant has not shown the Northern

District of Texas to be the more convenient forum. First, as to the convenience of the parties, the Court finds this factor to be neutral; it would be more convenient for Defendant to litigate this case in Texas, but it would more convenient for the Plaintiffs to litigate here.

Second, Defendant does not make a sufficient showing that the Northern District of Texas is the more convenient forum for the witnesses. It is well established that because of the concern that non-party witnesses may not voluntarily appear at trial, "[c]onvenience of the witnesses is the primary, if not the most important, factor in considering a motion under § 1404(a)." Biometics, 112 F. Supp. 2d at 876. While Defendant points out that approximately 28 of its witnesses reside in or near Lubbock, Texas (Defendant's Memorandum in Support, Doc. No. 74, at 4), "sheer number of witnesses will not decide which way the convenience factor tips." Terra Int'l, 119 F.3d at 696. In addition, nearly all of the 28 witnesses are employees of the parties in the case. (Affidavit of Bobby Yates, Doc. No. 50, attached exh. 3). Defendant asserts that these witnesses are out of the subpoena range of the Court; but party employee witnesses' "presence can be obtained by that party." 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3851 at 422-23 (2d ed. 2002). In light of the fact that a number of Plaintiffs' witnesses reside in Missouri (Affidavit of Robert Wilson, Doc. No. 80, attached exh. 4), moving the case to Texas would create a convenience for Defendant and an inconvenience for Plaintiffs. As the Eighth Circuit has held, "[m]erely shifting the inconvenience from one side to another ... obviously is not a permissible justification for a change of venue." Terra Int'l, 119 F.3d at 696-97 (citation omitted). Therefore, convenience of the witnesses does not favor transfer of this case to the Northern District of Texas.

Defendant also argues that the majority of documents are located in Texas. (Defendant's Memorandum in Support, Doc. No. 74, at 3-4). This factor, however, carries little weight in light of

4

Plaintiffs' claim that all the documents which Defendant deemed responsive to their discovery requests are now in their possession in St. Louis, Missouri. (Plaintiffs' Memorandum in Response, Doc. No. 80, at 9). Defendant points out that its alleged tortious conduct could have only occurred in Texas, but Plaintiffs counter that the situs of a trademark infringement claim is where the Plaintiff suffers economic impact. See e.g. Acrison, Inc. v. Control & Metering, Ltd., 730 F. Supp. 1445, 1448 (N.D. Ill. 1990); Horne v. Adolph Coors Co., 684 F.2d 255, 259 (3d. Cir. 1982).

Defendant also argues that its counterclaims, brought under Texas law, favor a transfer there. (Defendant's Memorandum in Support, Doc. No. 74, at 5). To the extent the applicability of state law factors into this Court's § 1404(a) analysis, it favors a denial of the Defendant's Motion. First, the Member Agreement provides that any disputes arising under it would be governed by Missouri Law. (Plaintiffs' Memorandum in Response, Doc, No. 80, at 11). The Eighth Circuit has stated that "a valid and applicable forum selection clause in a contract is 'a significant factor that figures centrally in the district court's calculus.'" Terra Int'l, 119 F.3d at 691. Second, Plaintiffs' Amended Complaint contains Missouri common law claims of fraud, breach of contract, and unjust enrichment. (Plaintiffs' First Amended Complaint, Doc. No. 83). Both of these elements point toward denying the Motion.

**B.   Interests of Justice**

This Court now considers the interest of justice. Under this prong of a § 1404(a) analysis, courts consider the following factors:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the

5

advantages of having a local court determine questions of local law. Terra Int'l, 119 F.3d at 696. These factors, however, are not exhaustive, as this Court must consider all relevant factors. Id. at 691.

Defendant first argues that it is a matter of public interest to have this matter resolved in Texas. (Defendant's Renewed Motion, Doc. No. 74, at 5). However, as discussed above, Plaintiffs filed their complaint in Missouri and in doing so brought a number of state common law claims. Additionally, the parties agreed to have Missouri law control any disputes. With this in mind, it would seem that Missouri has a greater interest than Texas in the outcome of this dispute. Defendant also argues that litigating this case in Missouri would be both costly and inconvenient. (Defendant's Renewed Motion, Doc. No. 74, at 5)). While this may indeed be true, Defendant has not persuaded this Court that a transfer to Texas would be comparatively less inconvenient and costly for the Plaintiffs.

The interest of justice factor that this Court finds most relevant here is the Plaintiffs' choice of forum. Plaintiffs initially filed their complaint in the Eastern District of Missouri, and the Court "is mindful that it may not disturb a plaintiff's choice of forum unless a balance of relative considerations tips strongly toward the defendant." Enterprise Rent-a-Car Co. v. U-Haul Int'l, Inc., 327 F. Supp. 2d 1032, 1046-47 (E.D. Mo. 2004). This factor deserves considerable weight in light of the fact that the Plaintiffs "reside here and any economic injury caused by defendant's allegedly infringing activity would be felt here." Id. The Defendant has not demonstrated that the "balance of relative considerations" favors its request for this Court to disregard Plaintiffs' choice of forum.

Based on the foregoing, this Court concludes that the Defendant has not met its burden under § 1404(a) to establish that transfer is warranted. As a result, this Court will not disturb the Plaintiffs'

choice of forum.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Renewed Motion to Transfer Venue (Doc. No. 73) is **DENIED**.

Dated this 19th day of April, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE